**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Cuyahoga Valley Railway Company, et al., | ) | CASE NO.:  5:10CV1576 |
| | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| U.S Bank Trust Nat'l Assn., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pending before this Court is a motion to enforce a settlement agreement that Plaintiffs purport was reached before the inception of this litigation.  Following a remand from the Sixth Circuit, the originally-assigned Judge recused from this matter and the undersigned began presiding over the matter.   Since that time, the Court has received position statements from the parties, conducted an evidentiary hearing, and received post-hearing briefs from the parties.  The Court now DENIES the motion to enforce the settlement agreement.

The Court has carefully reviewed each of these pleadings, the transcripts from the evidentiary hearing, and the documentary evidence presented by both sides.  Before evaluating that evidence, the Court must be mindful of several conclusions reached by the Sixth Circuit when it reversed the summary grant of the motion to enforce by the prior

Judge.  For example, the Circuit noted that "this Court cannot find, on the record before it, that the July 6, 2010 email constituted U.S. Bank's assent to be bound by the agreement."  Doc. 54 at 12.  "[W]ithout more evidence about the circumstances surrounding this email, this Court cannot agree that this email confirms U.S. Bank's intent to be bound by the agreement."  Doc. 54 at 10.  "Therefore, there is also a material factual dispute as to whether U.S. Bank was willing to enter into the settlement agreement without a full and satisfactory accounting."  Doc. 54 at 13.

Upon this Court's review, the insufficiencies noted by the Circuit in its opinion have not been remedied through an evidentiary hearing.  It is true that counsel for every entity involved, save U.S Bank, has indicated that a settlement agreement was reached and that no further steps were required.  However, the sole evidence relied upon by the parties to demonstrate U.S Bank's assent to the agreement is that very email response which the Circuit found to be insufficient.

In addition, the insufficiencies highlighted by the Circuit, namely the failure to explain the circumstances surrounding sending the July 5, 2010, have not been cured.  To date, there has never been an explanation as to why counsel for the UMWA sent out her email stating:  "I need to know from each of you point blank whether you contemplate some other action than what we have discussed, presentation of the signed settlement agreement within a short time after filing the interpleader complaint."  If indeed the parties had agreed upon all material terms, then the filing of this interpleader and declaratory judgment action was a mere formality.  If that were the case, no inquiry would have been necessary of the parties.

Moreover, it was not only U.S. Bank that expressed an interest in an accounting before finalizing this matter.   At least one other creditor indicated a reluctance to request a status date before this Court until all of the issues surrounding the accounting had been completed.

There is little doubt that most, if not all, of the parties intended this lawsuit to be utilized as a mechanism to finalize settlement.  Furthermore, given the dwindling nature of the assets at issue coupled with the fact that the creditors are receiving pennies on the dollar for their claims, there is little doubt that it makes much financial sense to resolve the matter as cost effectively as possible.   However, the moving party bears the burden of demonstrating that a settlement agreement was reached and that all parties assented to the material terms of that agreement.  The record before this Court has done nothing to assuage the concerns raised by the Sixth Circuit that resulted in remand of this matter.   Accordingly, the Court cannot conclude that U.S. Bank agreed to the settlement terms asserted herein.

Instead, the Court reaches a conclusion consistent with the prior ruling on appeal. The record reflects that all parties agreed to a pro rate distribution of the funds.  The parties also agreed that District Court involvement was necessary to approve and finalize any agreement between the parties.   Beyond that, the evidence in the record is simply insufficient to establish that the parties properly finalized their settlement prior to instituting the instant action.   Accordingly, the Court declines to grant the motion to enforce the settlement agreement.

A telephone status conference is hereby scheduled for January 6, 2015 at 2:30 p.m.  All lead counsel shall be on the call and it shall be arranged by Plaintiff's counsel.

3

A call-in number may be provided to the Court to facilitate the call.  Counsel should be prepared at that time to discuss how to expeditiously move this matter to its conclusion.

　　　　IT IS SO ORDERED.

Dated:  December 16, 2014　　　　　　　　_____/s/ Judge John R. Adams_____
　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT